JUDGE RAKOFF

14 CV     9901

# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA ROSE,                  ) | |
|         Plaintiff       ) | |
|                    ) | **Case No.:** |
|     v.            ) | |
| KOHL'S CORPORATION,  ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|         Defendant     ) | |



## COMPLAINT

ATHENA ROSE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

3. Defendant conducts business in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.      Plaintiff is a natural person residing in Yonkers, New York 10703.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a lender with its principal place of business located at N56w 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11.      Plaintiff has only used this number as a cellular telephone number.

12.      The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.      Beginning in September 2014, and continuing through December 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14.      During the relevant period, Defendant called Plaintiff on her cellular

2

telephone almost daily, and frequently, multiple times a day.

15.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

16.     Defendant's automated messages identified its company name as the caller.

17.     Defendant's telephone calls were not made for "emergency purposes."

18.     In September 2014, Plaintiff spoke with Defendant revoked consent previously given to Defendant to place telephone calls to her cellular telephone number.

19.     Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

20.     Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several months.

21.     For example, between October 21, 2014, and November 25, 2014, Defendant made over 70 calls to Plaintiff's cellular telephone.

22.     Defendant robo-called Plaintiff's cellular telephone on the following dates and times: October 21, 2014, at 4:25 p.m. and 8:32 p.m.; October 22, 2014, at 9:02 a.m., 12:41 p.m., 3:49 p.m., and 4:01 p.m.; October 23, 2014, at 8:04 a.m., 9:26 a.m., 2:54 p.m., 3:07 p.m., and 5:27 p.m.; October 24, 2014, at 9:04 a.m.,

11:10 a.m., 1:21 p.m., and 3:19 p.m.; October 27, 2014, at 9:09 a.m., 12:04 p.m., 2:49 p.m., 6:21 p.m., and 8:12 p.m.; October 28, 2014, at 8:06 a.m., 4:26 p.m., and 8:25 p.m.; October 29, 2014, at 11:21 a.m.; October 31, 2014, at 8:11 a.m., 9:26 a.m., 11:09 a.m., and 1:16 p.m.; November 3, 2014, at 9:06 a.m., 4:47 p.m., and 6:42 p.m.; November 4, 2014, at 8:07 a.m. and 5:38 p.m.; November 5, 2014, at 8:27 a.m.; November 6, 2014, at 8:18 a.m. and 10:07 a.m.; November 8, 2014, at 12:43 p.m.; November 10, 2014, at 8:03 a.m., 11:06 a.m., and 5:41 p.m.; November 11, 2014, at 6:07 p.m.; November 12, 2014, at 8:06 a.m., 12:10 p.m., 3:13 p.m., and 4:32 p.m.; November 13, 2014, at 9:02 a.m., 3:56 p.m., and 7:13 p.m.; November 14, 2014, at 8:18 a.m., 10:06 a.m., 11:16 a.m., and 3:49 p.m.; November 15, 2014, at 10:41 a.m.; November 17, 2014, at 8:08 a.m., 11:06 a.m., 5:11 p.m., and 8:05 p.m.; November 18, 2014, at 8:06 a.m., 9:42 a.m., 1:26 p.m., and 5:44 p.m.; November 19, 2014, at 11:36 a.m. and 7:02 p.m.; November 20, 2014, at 10:05 a.m. and 2:53 p.m.; November 21, 2014, at 8:21 a.m.; November 22, 2014, at 9:21 a.m.; November 24, 2014, at 8:16 a.m., 9:54 a.m., 4:35 p.m., and 8:38 p.m.; and November 25, 2014, at 10:35 a.m.

23.    Most recently, Defendant called Plaintiff on or about December 1, 2014.

4

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

26.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.    Defendant's calls to Plaintiff were not made for emergency purposes.

28.    Defendant's calls to Plaintiff, after September 2014, were not made with Plaintiff's prior express consent.

29.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ATHENA ROSE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ATHENA ROSE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/11/2014

KIMMEL & SILVERMAN, P.C.

By: _____

CRAIG THOR KIMMEL
1001 Avenue of the Americas
12th Floor
New York, NY 10018
Phone: (212) 719-7543
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

6

PLAINTIFF'S COMPLAINT